Keith J. Miller
Justin T. Quinn
ROBINSON MILLER LLC
One Newark Center
Newark, New Jersey 07102
973-690-5400
kmiller@rwmlegal.com
jquinn@rwmlegal.com

*Attorneys for Defendant WebPower, Inc.*

OF COUNSEL:
Frank M. Gasparo (*Pro Hac Vice*)
Ralph A. Dengler (*Pro Hac Vice*)
Todd M. Nosher
Andrew P. MacArthur
VENABLE LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG ACQUISITION, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> WEBPOWER, Inc. d/b/a WP Associates; and <br><br> DOES 1-20, <br><br> Defendants. | Civil Action No. 2:15-cv-3581 (ES) (MAH) <br><br> *DOCUMENT FILED ELECTRONICALLY* |

## DEFENDANT WEBPOWER, INC.'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant WebPower, Inc. ("WebPower"), by and through its undersigned counsel, hereby responds to the Complaint ("Complaint") of Plaintiff WAG Acquisition, L.L.C. ("WAG"), by way of the following First Amended Answer, Defenses, and Counterclaims.  WebPower incorporates herein by reference its responses below to address WAG's allegations preceding the numbered paragraphs to WAG's Complaint.

## PARTIES

1.   WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2.   WebPower admits that it is a Florida corporation with its principal address at 7121 Fairway Drive, Suite 400, Palm Beach Gardens, Florida 33418 and has a registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 33201.  WebPower denies all remaining allegations in Paragraph 2.

3.   WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the DOE defendants set forth in Paragraph 3.  WebPower, however, denies that it directs or controls any third party to infringe any claim of the Patents-in-Suit, or that it operates in concert with any such parties to infringe any claim of the Patents-in-Suit.

## JURISDICTION AND VENUE

4.   WebPower admits that the present action purports to arise under the patent laws of the United States.  The remaining allegations in Paragraph 4 are legal conclusions that do not require a response from WebPower.

5.   Paragraph 5 of the Complaint states a legal conclusion and does not require a response from WebPower.

## PLAINTIFF'S ALLEGED BUSINESS AND DEVELOPMENTS

6. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7. WebPower, however, denies the implication in Paragraph 7 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter and that such patents met any long felt need in the field of Internet delivery of broadcast media due to any alleged shortcomings named in Paragraph 7.

8. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8. WebPower, however, denies the implication in Paragraph 8 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter, and that such patents met any long felt need in the field of Internet delivery of broadcast media due to any alleged shortcomings named in Paragraph 7. WebPower further denies any implication in Paragraph 8 that the named inventors exercised diligence in connection with the conception and reduction to practice of the purported invention.

9. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9. WebPower, however, denies the implication in Paragraph 9 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter.

10. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10. WebPower, however, denies the implication in Paragraph 10 that the Patents-in-Suit are directed to novel, non-obvious and patentable subject matter.

11. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.  WebPower, however, denies the implication in Paragraph 11 that WAG is the lawful owner or assignee of the Patents-in-Suit.

12. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

**<u>WAG'S ALLEGATIONS REGARDING DEFENDANTS' BUSINESS ACTIVITIES</u>**

13. WebPower denies the allegations set forth in Paragraph 13.

14. WebPower admits that it owns and operates an internet service platform known as iFriends, using associated domain names, including but not limited to ifriends.net and ifriends.com.  Paragraph 14 otherwise contains WAG's characterizations which are not an allegation and therefore no response from WebPower is required.  To the extent a response is required, WebPower denies the remaining allegations set forth in Paragraph 14.

15. WebPower admits the allegations set forth in Paragraph 15.

16. WebPower admits that users of the iFriends service must register prior to paid use. WebPower otherwise denies the allegations, both express and implied, set forth in Paragraph 16.  By way of example, prepaid "token" usage does not exist on iFriends and never has.  Indeed, WAG allegations in Paragraph 16 exemplify its lack of pre-suit diligence in this matter.

17. WebPower denies the allegations set forth in Paragraph 17.

18. WebPower admits that the iFriends service utilizes and interacts with computers referred to as servers. WebPower denies any express or implied allegations of Paragraph 18, including but not limited to any allegation that WebPower has or in any way used a server as claimed in any of the Patents-in-Suit.  Further, Paragraph 18 contains WAG's characterization of "Internet Protocol (IP) address," which is not an allegation and therefore no response from WebPower is

required.  WebPower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18.

19. Paragraph 19 contains WAG's characterization of IP addresses, which is not an allegation that requires a response from WebPower.  To the extent a response is required, WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. Paragraph 20 contains WAG's characterization of IP addresses, which is not an allegation that requires a response from WebPower.  To the extent a response is required, WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20.

21. WebPower admits that the domain iFriends.net is associated with the IP address 65.212.89. Paragraph 21 otherwise contains WAG's characterizations of IP addresses which is not an allegation and therefore no response from WebPower is required.  To the extent a response is required, WebPower is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21.

22. WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. Paragraph 23 contains WAG's characterization of "Players," which is not an allegation that requires a response from WebPower.  To the extent a response is required, WebPower is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. Paragraph 24 contains WAG's characterization of an "electronic request," "Player," and other characterizations which are not allegations and do not require a response from WebPower.

25. WebPower denies that it infringes any of WAG's asserted patents and on that basis denies any other allegations set forth in Paragraph 25.

26. WebPower denies that it infringes any of WAG's asserted patents, and on that basis denies any other allegations set forth in Paragraph 26.

27. WebPower denies the allegations set forth in Paragraph 27.

28. Paragraph 28 contains WAG's characterization of "performers" and is therefore not an allegation and requires no response from WebPower. To the extent a response is required, WebPower denies that it has recruited webcam performers to use its service and on that basis denies any other allegations set forth in Paragraph 28.

29. WebPower denies that it infringes any of WAG's asserted patents, and on that basis denies any other allegations set forth in Paragraph 29.

30. WebPower denies the allegations set forth in Paragraph 30.

## THE PATENTS-IN-SUIT

31. WebPower admits that WAG is presently asserting U.S. Patent Nos. 8,122,141, 8,327,011, 8,185,611 and 8,364,839 in this action with the titles and issue dates alleged in Paragraph 31. WebPower denies all remaining allegations of Paragraph 31.

32. WebPower denies that Plaintiff owns all rights to recover for past and ongoing infringement of the Patents-in-Suit. The remaining allegations set forth in Paragraph 32 are legal conclusions that do not require a response from WebPower.

33. Paragraph 33 requires no response from WebPower.

34. WebPower admits that it received a Cease and Desist letter from WAG prior to the commencement of this litigation which, like many cease and desist letters from patent assertion entities, threatened litigation for alleged patent infringement. But that letter was sent as a Federal

Rule of Evidence 403 communication, and in fact stated "For Settlement Purposes Only / FRE 408" on the heading of the letter.  That letter, therefore, cannot be used to demonstrate WebPower's purported knowledge or notice of the Patents-in-Suit.  WebPower denies all remaining allegations set forth in Paragraph 34.

35. WebPower denies the allegations set forth in Paragraph 35.

36. WebPower denies the allegations set forth in Paragraph 36.

37. Paragraph 37 does not require a response from WebPower.

## COUNT 1 – ALLEGED DIRECT INFRINGEMENT OF THE '141 PATENT

38. WebPower repeats, realleges and incorporates by reference its responses and answers to the preceding paragraphs as if fully restated herein.

39. Paragraph 39 does not require a response from WebPower.   The Patent Laws of the United States, 35 U.S.C. § 1 et seq., speak for themselves.

40. WebPower denies the allegations set forth in Paragraph 40.

41. WebPower denies the allegations set forth in Paragraph 41.

42. WebPower denies the allegations set forth in Paragraph 42.

43. WebPower denies the allegations set forth in Paragraph 43.

44. WebPower denies the allegations set forth in Paragraph 44.

45. WebPower denies the allegations set forth in Paragraph 45.

46. WebPower denies the allegations set forth in Paragraph 46.

47. WebPower denies the allegations set forth in Paragraph 47.

48. WebPower denies the allegations set forth in Paragraph 48.

49. WebPower denies the allegations set forth in Paragraph 49.

50. WebPower denies the allegations set forth in Paragraph 50.

51. WebPower denies the allegations set forth in Paragraph 51.

52. WebPower denies the allegations set forth in Paragraph 52.

### COUNT II – ALLEGED INDUCED INFRINGEMENT OF THE '141 PATENT

53. WebPower repeats, realleges and incorporates by reference its responses and answers to the preceding paragraphs as if fully restated herein.

54. Paragraph 54 does not require a response from WebPower.  The Patent Laws of the United States, 35 U.S.C. § 1 et seq., speak for themselves.

55. WebPower denies the allegations set forth in Paragraph 55.

56. WebPower denies the allegations set forth in Paragraph 56.

57. WebPower denies the allegations set forth in Paragraph 57.

58. WebPower denies the allegations set forth in Paragraph 58.

59. WebPower denies the allegations set forth in Paragraph 59.

60. WebPower denies the allegations set forth in Paragraph 60.

61. WebPower denies the allegations set forth in Paragraph 61.

62. WebPower denies the allegations set forth in Paragraph 62.

63. WebPower denies the allegations set forth in Paragraph 63.

64. WebPower denies the allegations set forth in Paragraph 64.

65. WebPower denies the allegations set forth in Paragraph 65.

66. WebPower denies the allegations set forth in Paragraph 66.

67. WebPower denies the allegations set forth in Paragraph 67.

68. WebPower denies the allegations set forth in Paragraph 68.

### COUNT III – ALLEGED DIRECT INFRINGEMENT OF THE '011 PATENT

69. WebPower repeats, realleges and incorporates by reference its responses and answers to

the preceding paragraphs as if fully restated herein.

70. WebPower denies the allegations set forth in Paragraph 70.

71. WebPower denies the allegations set forth in Paragraph 71.

72. WebPower denies the allegations set forth in Paragraph 72.

73. WebPower denies the allegations set forth in Paragraph 73.

74. WebPower denies the allegations set forth in Paragraph 74.

75. WebPower denies the allegations set forth in Paragraph 75.

## COUNT IV – ALLEGED INDUCED INFRINGEMENT OF THE '011 PATENT

76. WebPower repeats, realleges and incorporates by reference its responses and answers to the preceding paragraphs as if fully restated herein.

77. WebPower denies the allegations set forth in Paragraph 77.

78. WebPower denies the allegations set forth in Paragraph 78.

79. WebPower denies the allegations set forth in Paragraph 79.

80. WebPower denies the allegations set forth in Paragraph 80.

81. WebPower denies the allegations set forth in Paragraph 81.

82. WebPower denies the allegations set forth in Paragraph 82.

83. WebPower denies the allegations set forth in Paragraph 83.

84. WebPower denies the allegations set forth in Paragraph 84.

85. WebPower denies the allegations set forth in Paragraph 85.

86. WebPower denies the allegations set forth in Paragraph 86.

87. WebPower denies the allegations set forth in Paragraph 87.

88. WebPower denies the allegations set forth in Paragraph 88.

## COUNT V – ALLEGED DIRECT INFRINGEMENT OF THE '611 PATENT

89. WebPower repeats, realleges and incorporates by reference its responses and answers to the preceding paragraphs as if fully restated herein.

90. WebPower denies the allegations set forth in Paragraph 90.

91. WebPower denies the allegations set forth in Paragraph 91.

92. WebPower denies the allegations set forth in Paragraph 92.

93. WebPower denies the allegations set forth in Paragraph 93.

94. WebPower denies the allegations set forth in Paragraph 94.

## COUNT VI – ALLEGED DIRECT INFRINGEMENT OF THE '839 PATENT

95. WebPower repeats, realleges and incorporates by reference its responses and answers to the preceding paragraphs as if fully restated herein.

96. WebPower denies the allegations set forth in Paragraph 96.

97. WebPower denies the allegations set forth in Paragraph 97.

98. WebPower denies the allegations set forth in Paragraph 98.

99. WebPower denies the allegations set forth in Paragraph 99.

100. WebPower denies the allegations set forth in Paragraph 100.

## COUNT VII – WILLFUL INFRINGEMENT

101. WebPower repeats, realleges and incorporates by reference its responses and answers to the preceding paragraphs as if fully restated herein.

102. Paragraph 102 does not require a response from WebPower.  The Patent Laws of the United States, 35 U.S.C. § 1 et seq., speak for themselves.

103. Paragraph 103 does not require a response from WebPower. The Patent Laws of the United States, 35 U.S.C. § 1 et seq., speak for themselves.

104. WebPower denies the allegations set forth in Paragraph 104.

105. WebPower denies the allegations set forth in Paragraph 105.

106. WebPower denies the allegations set forth in Paragraph 106.

107. WebPower denies the allegations set forth in Paragraph 107.

108. WebPower denies the allegations set forth in Paragraph 108.

## DEMAND FOR JURY TRIAL

109. WAG's demand for trial by jury on all issues does not require a response from WebPower.

## GENERAL DENIAL

110. WebPower further denies each allegation contained in the Complaint that was not specifically admitted, denied or otherwise responded to herein.  Any omissions, inadvertent or otherwise, shall not be deemed to be admissions to any of the allegations in WAG's Complaint.

## WAG'S PRAYER FOR RELIEF

111. WebPower denies any and all allegations contained in the remainder of the Complaint and further denies that WAG is entitled to any of the relief requested in Paragraphs a through f of its Prayer for Relief, or to any other relief requested in its Complaint.


## WEBPOWER'S DEFENSES

1. WebPower asserts the following affirmative and other defenses, and in asserting such defenses, does not concede that it bears the burden of proof as to any of the defenses pled. WebPower reserves the right to amend, modify or expand these defenses and to take further positions as discovery proceeds in this case.

## 1ST DEFENSE: INVALIDITY OF THE '141 PATENT

2.  One or more claims of the '141 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

3.  One or more claims of the '141 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

4.  One or more claims of the '141 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 2ND DEFENSE: INVALIDITY OF THE '011 PATENT

5.  One or more claims of the '011 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

6.  One or more claims of the '011 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

7.  One or more claims of the '011 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 3RD DEFENSE: INVALIDITY OF THE '611 PATENT

8.  One or more claims of the '611 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

9.  One or more claims of the '611 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

10. One or more claims of the '611 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 4TH DEFENSE: INVALIDITY OF THE '839 PATENT

11. One or more claims of the '839 Patent are invalid for failure to satisfy the requirements of inventions set forth in 35 U.S.C. § 101.

12. One or more claims of the '839 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

13. One or more claims of the '839 Patent fail to meet the requirements of 35 U.S.C. § 112, at least as indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims.

## 5TH DEFENSE: NON-INFRINGEMENT OF THE '141 PATENT

14. WebPower has not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or infringement under the doctrine of equivalents of any claim of the '141 patent.

## 6TH DEFENSE: NON-INFRINGEMENT OF THE '011 PATENT

15. WebPower has not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or infringement under the doctrine of equivalents of any claim of the '011 patent.

## 7TH DEFENSE: NON-INFRINGEMENT OF THE '611 PATENT

16. WebPower has not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, willful infringement or infringement under the doctrine of equivalents of any claim of the '611 patent.

## 8TH DEFENSE: NON-INFRINGEMENT OF THE '839 PATENT

17. WebPower has not engaged in any acts that would constitute infringement, contributory infringement, indirect infringement, inducement to infringe, will infringement or infringement under the doctrine of equivalents of any claim of the '839 patent.

## 9TH DEFENSE – EQUITABLE DEFENSES

18. WAG's alleged causes of action are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, laches, acquiescence and/or waiver.

## 10TH DEFENSE – UNENFORCEABILITY OF THE '141 PATENT

19. The claims of the '141 Patent are unenforceable for having errors that are not evident from the face of the patent.  WAG has failed to seek correction of those claims under 35 U.S.C. § 254.

## 11TH DEFENSE – FAILURE TO STATE A CLAIM

20.  WAG's Complaint fails to state a claim upon which relief can be granted.

## 12TH DEFENSE – PROSECUTION HISTORY ESTOPPEL

21.  WAG's alleged causes of action are barred, in whole or in part, by prosecution history estoppel, as WAG is estopped from construing the claims to cover or include, either literally or by application of the doctrine of equivalents, products manufactured, used, imported, sold or offered for sale by WebPower, or methods used by WebPower, because of admissions and statements to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Patents-in-Suit and/or limitations in the claims of the Patents-in-Suit.

## 13TH DEFENSE – LIMITATION ON DAMAGES & COSTS

22. WAG's claims for relief and damages are limited by 35 U.S.C. §§ 286 and 287.  WAG's recovery of costs is limited under 35 U.S.C. § 288.  WAG is barred in whole or in part from

recovering damages under 35 U.S.C. § 287 for, *inter alia,* failing to give actual or constructive notice of the Patents-in-Suit.  Upon information and belief, WAG has never marked, nor has required others to mark, with the Patents-in-Suit, any products that may practice the claimed invention.

## 14TH DEFENSE – NO INJUNCTIVE RELIEF

23. WAG is not entitled to any injunctive relief because any injury to WAG is neither immediate nor irreparable, WAG has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## 15TH DEFENSE – LACK OF STANDING

24. WAG's claims of infringement are barred by WAG's lack of constitutional standing as WAG is not the lawful owner or assignee of the Patents-in-Suit.

## RESERVATION OF ADDITIONAL DEFENSES

25. WebPower reserves any and all additional defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity that may now exist or in the future be available based on discovery and further investigation in this case.

## DEMAND FOR JURY TRIAL

26. In accordance with Rule 38 of the Federal Rules of Civil Procedure, WebPower respectfully demands a jury trial of all issues triable to a jury in this action.

15

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim Plaintiff WebPower, Inc. ("WebPower"), by and through its undersigned counsel, hereby files these Counterclaims against Counterclaim Defendant WAG Acquisition, L.L.C. ("WAG"), and in so doing alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these Counterclaims for declaratory relief under Title 35 of the United States Code, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2. Venue is proper in this Court because WAG has consented to venue in the District of New Jersey by filing its claims for patent infringement in this Court.

3. By virtue of WAG's filing of the instant action, this Court has personal jurisdiction over WAG.

### PARTIES

4. WebPower is a Florida corporation with its principal address at 7121 Fairway Drive, Suite 400, Palm Beach Gardens, Florida 33418

5. On information and belief, WAG is a New Jersey limited liability company with its principal place of business at 3 Gold Mine Road, Suite 104, Flanders, New Jersey 07836.

### FACTS

6. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,122,141 ("the '141 Patent") which includes the title "Streaming Media Buffering System" and issue date of February 21, 2012 on the face of the patent.

7. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,327,011 ("the '011 Patent") which includes the title "Streaming Media Buffering System" and issue date of December 4, 2012 on the face of the patent.

8. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,185,611 ("the '611 Patent") which includes the title "Streaming Media Buffering System" and issue date of May 22 2012 on the face of the patent.

9. WAG has alleged that it is the lawful owner by assignment of U.S. Patent No. 8,364,839 ("the '839 Patent") which includes the title "Streaming Media Buffering System" and issue date of January 29, 2013 on the face of the patent.

10. WAG has sued WebPower for patent infringement, alleging that it has infringed one or more claims of the '141, '011, 611 and '839 Patents.

11. As a result, there exists an actual and continuing controversy between WebPower and WAG.

### COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '141 PATENT

12. WebPower repeats and realleges the allegations of Paragraphs 1-11 as if fully set forth herein.

13. WebPower has not and does not infringe any valid and enforceable claim of the '141 Patent under 35 U.S.C. 271 et seq.

14. WebPower has not and does not directly infringe, either individually or jointly, any valid and enforceable claim of the '141 Patent under 35 U.S.C. § 271(a).

15. WebPower has not and does not induce the infringement of any valid and enforceable claim of the '141 Patent under 35 U.S.C. § 271(b).

16. WebPower has not and does not willfully infringe any valid and enforceable claim of the '141 Patent.

<u>**COUNT II**</u>
<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '011 PATENT**</u>

17.   WebPower repeats and realleges the allegations of Paragraphs 1-16 as if fully set forth herein.

18.   WebPower has not and does not infringe any valid and enforceable claim of the '011 Patent under 35 U.S.C. § 271 et seq.

19.   WebPower has not and does not directly infringe, either individually or jointly, any valid and enforceable claim of the '011 Patent under 35 U.S.C. § 271(a).

20.   WebPower has not and does not induce the infringement of any valid and enforceable claim of the '011 Patent under 35 U.S.C. § 271(b).

21.   WebPower has not and does not willfully infringe any valid and enforceable claim of the '011 Patent.

<u>**COUNT III**</u>
<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '611 PATENT**</u>

22.   WebPower repeats and realleges the allegations of Paragraphs 1-21 as if fully set forth herein.

23.   WebPower has not and does not infringe any valid and enforceable claim of the '611 Patent under 35 U.S.C. § 271 et seq.

24.   WebPower has not and does not directly infringe, either individually or jointly, any valid and enforceable claim of the '611 Patent under 35 U.S.C. § 271(a).

25.   WebPower has not and does not induce the infringement of any valid and enforceable claim of the '611 Patent under 35 U.S.C. § 271(b).

26.   WebPower has not and does not willfully infringe any valid and enforceable claim of the '611 Patent.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '839 PATENT

27.   WebPower repeats and realleges the allegations of Paragraphs 1-26 as if fully set forth herein.

28.   WebPower has not and does not infringe any valid and enforceable claim of the '839 Patent under 35 U.S.C. § 271 et seq.

29.   WebPower has not and does not directly infringe, either individually or jointly, any valid and enforceable claim of the '839 Patent under 35 U.S.C. § 271(a).

30.   WebPower has not and does not induce the infringement of any valid and enforceable claim of the '839 Patent under 35 U.S.C. § 271(b).

31.   WebPower has not and does not willfully infringe any valid and enforceable claim of the '839 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, WebPower respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.   Dismiss with prejudice WAG's Amended Complaint against WebPower;

b.   Hold that WAG is not entitled to any relief, whether in law or equity or otherwise, from its suit against WebPower;

c.   Declare that WebPower has not infringed and does not infringe any claim of the '141 Patent;

d.   Declare that WebPower has not infringed and does not infringe any claim of the '011 Patent;

e.   Declare that WebPower has not infringed and does not infringe any claim of the '611 Patent;

19

f. Declare that WebPower has not infringed and does not infringe any claim of the '839 Patent;

g. Find this case exceptional and award WebPower its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

h. Award WebPower any additional relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, WebPower respectfully demands a jury trial of all issues triable to a jury in this action.

Dated November 16, 2015
Newark, New Jersey

s/ Keith J. Miller
Keith J. Miller
Justin T. Quinn
ROBINSON MILLER LLC
One Newark Center
Newark, New Jersey 07102
973-690-5400
kmiller@rwmlegal.com
jquinn@rwmlegal.com

OF COUNSEL:
Frank M. Gasparo (Pro Hac Vice)
Ralph A. Dengler (Pro Hac Vice)
Todd M. Nosher
Andrew P. MacArthur
VENABLE LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone No.: (212) 307-5500
Facsimile No.: (212) 307-5598

20

FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com

*Attorneys for Defendant WebPower, Inc.*

## **CERTIFICATE OF SERVICE**

On this 16th day of November, 2015, I certify that I served a copy of the foregoing Response to the First Amended Complaint upon counsel for Plaintiff via the Court's ECF filing system.

Dated: November 16, 2015

s/ Keith J. Miller